# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00162-01-CR-W-DW |
| BENJAMIN J. LARUE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On June 22, 2005, counsel for defendant Larue filed a motion pursuant to 18 U.S.C. § 4241 for a determination of the mental competency of the defendant to stand trial. That motion was granted and, prior to holding a hearing to determine the mental competency of the defendant, the Court entered its Order pursuant to 18 U.S.C. § 4241(b) directing that a psychological or psychiatric examination of the defendant be conducted and that a psychological or psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and (c).

The Court has now received the psychological or psychiatric report of Dr. John H. Wisner which concluded that the defendant is competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense. This report has been provided to and reviewed by counsel for the government and counsel for the defendant. On August 19, 2005, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining the mental competency of the defendant to stand trial. At this hearing, counsel for the government and counsel for the defendant stipulated that the Court could consider the psychological or psychiatric report of Dr. Wisner as if Dr. Wisner had appeared in person and

testified under oath.  In addition to the parties' stipulation concerning the testimony of Dr. Wisner, Government's Exhibit 1 (defendant's statement to investigators) and Exhibit 2 (log of defendant's chat room activity with undercover officer) were admitted into evidence. Additionally, the defendant proffered that he had reported past thoughts of suicide to Dr. Wisner and that, while he had never been laid off from employment, he had voluntarily left employment on three occasions.  Defendant LaRue stipulated that these proffers would have no affect on the opinion of Dr. Wisner that the defendant was competent to stand trial or participate in other proceedings in this case.

Based on the record before the Court and the findings of Dr. John H. Wisner, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant Larue is competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 10 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same.  A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                         */s/ JOHN T. MAUGHMER*
                                          JOHN T. MAUGHMER
                                   Chief United States Magistrate Judge

Kansas City, Missouri